968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity, Plaintiff-Appellee,
v.
MLS COMMUNICATIONS, INC., and Jerry D. Sokolosky,
Defendants-Third Party Plaintiffs-Appellants,
and
Federal Deposit Insurance Corporation, Receiver for American
National Bank, Elk City, Oklahoma, Third-Party-Defendant.
 No. 91-6269.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants-appellants MLS Communications, Inc. and Jerry D. Sokolosky appeal from the district court's grant of summary judgment to Plaintiff-appellee Federal Deposit Insurance Corporation in its corporate capacity (FDIC Corporate) in connection with a bank loan made to MLS and guaranteed by Sokolosky. As additional security for the loan, Sokolosky pledged a certificate of deposit ("CD") against the note ("MLS Note"). The CD also served as security for Sokolosky's personal line of credit at the bank. Following default of the loan, the bank applied the funds from Sokolosky's CD, first to his personal line of credit, then to the MLS Note. A deficiency remained on the MLS Note; FDIC Corporate sued MLS and Sokolosky for the deficiency.[1]
 
 
 3
 Of the various issues involved in the claims, counterclaims, and defenses originally alleged, only one is before us on appeal. FDIC Corporate moved for summary judgment on its claims against Appellants. MLS and Sokolosky responded, contending, inter alia, that the amount due on the MLS Note as represented by FDIC Corporate was in error because 1) the represented value of the CD was incorrect, 2) the bank failed to credit loan payments made by MLS, and 3) the represented balance of Sokolosky's personal line of credit was incorrect. These contentions were supported with an affidavit from Sokolosky, asserting personal knowledge of these errors, and attaching copies of various records as documentary evidence.
 
 
 4
 The district court granted summary judgment to FDIC Corporate, holding that Sokolosky's affidavit failed to defeat the motion for summary judgment because its contentions were vague and conclusory, amounting to "mere allegations," and the relevance of the documentary evidence unexplained.[2] On appeal, MLS and Sokolosky limit their arguments to the issue of the amount due under the MLS Note. We do likewise. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989).[3] We review the grant of summary judgment de novo, applying the same standard as the district court, Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), namely, whether there exists a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law, Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Exercising our jurisdiction under 28 U.S.C. § 1291, we reverse.
 
 
 5
 Although we agree with the district court that Sokolosky's affidavit is not a model of clarity or specificity, we cannot agree that his contentions are conclusory or amount to unsupported allegations. In making an affidavit from his personal knowledge, supported by documentary evidence, albeit unexplained bank records, Sokolosky has presented evidence that the amount due on the MLS Note is other than that represented by FDIC Corporate. While MLS and Sokolosky must present evidence in opposition to FDIC Corporate's summary judgment motion such that a jury could find for [them] based on such evidence, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986), neither the affidavit nor the documentary evidence attached need be in a form admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 6
 The amount due on the MLS Note is an essential element of FDIC Corporate's case, on which FDIC Corporate bears the burden of proof at trial. See FDIC v. Meyer, 781 F.2d 1260, 1267 (7th Cir.1986). " '[W]here the moving party has the burden--the plaintiff on a claim for relief or the defendant on an affirmative defense--his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.' " Paul v. Monts, 906 F.2d 1468, 1474 (10th Cir.1990) (quoting Calderone v. United States, 799 F.2d 254, 259 (6th Cir.1986) (other citations omitted)). Additionally, we review the record on appeal in a light most favorable to the nonmoving party, Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Because we believe that Appellants have presented evidence demonstrating a genuine issue of material fact, we reverse the district court's grant of summary judgment to FDIC Corporate, and remand for further proceedings. Applying the same standard as the district court, we cannot weigh the evidence presented on summary judgment, but must deny summary judgment "when reasonable jurors might disagree." Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1377 (10th Cir.1988).
 
 
 7
 The parties are not precluded from refiling summary judgment motions on remand, following further discovery. Based on our de novo review, we hold only that, on the record before us, a genuine issue of material fact exists that precludes summary judgment. The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 American National Bank, the lender bank, failed, and the FDIC was appointed receiver. The bank's assets, including the MLS Note, security agreement, and CD were subsequently sold to FDIC Corporate
 
 
 [2]
 Appellants subsequently stipulated to dismissal of their counterclaims with prejudice
 
 
 [3]
 On appeal, Appellants argue that FDIC Corporate's affidavit, submitted with its motion for summary judgment, is insufficient to meet its prima facie burden that it is entitled to summary judgment. We agree with the FDIC that, because this theory was not presented to the district court, Appellants are precluded from arguing it on appeal. See Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1494 n. 7 (10th Cir.1989), cert. denied, 495 U.S. 948 (1990)